O

# United States District Court
# Central District of California

ANDREW S. KINDLE,

    Plaintiff,

v.

BANK OF AMERICA,

    Defendant.

Case № 2:21-cv-06251-ODW (ASx)

**ORDER GRANTING MOTION TO DISMISS AND STRIKE [10] AND DENYING AS MOOT PLAINTIFF'S MOTION TO STRIKE [13]**

## I. INTRODUCTION

Defendant Bank of America ("BOA") moves to dismiss Plaintiff Andrew S. Kindle's Complaint, or, alternatively, to strike Kindle's claim for injunctive relief. (*See generally* Mot. Dismiss & Strike ("Mot." or "Motion"), ECF No. 10.) As discussed below, the Court **GRANTS** BOA's Motion.[1]

## II. BACKGROUND

On August 3, 2021, Kindle brought this action against BOA, alleging violations of Section 615 of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681m(f). (Compl. 3, 4.) Kindle alleges that he banked with BOA since 2009, and that on March 12, 2019, he was the victim of "fraud facilitated by the negligent practices of

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

Bank of America." (*Id.* at 4.) Specifically, "an unknown perpetrator of fraud was able to successfully request and receive an unauthorized card linked to Mr. Andrew Kindle's [BOA] account" and on March 12, 2019, "began to defraud Mr. Kindle by bypassing [BOA's] low tech security checks and depositing a check in the amount of $1,453.42." (*Id.*) On March 20, 2019, the unknown defrauder deposited additional fraudulent checks in the amounts of $9,960, $4,054, $1,724.43, and $956. (*Id.*) The next day, Kindle reported the fraud to BOA. (*Id.*) Kindle alleges these transactions resulted in "the loss of homeloans, personal loans and all funds denied as a result of not being able to bank with a major institution." (*Id.* at 6.) In addition to monetary damages, Kindle seeks a Court order requiring BOA to "remove any and all negative information reported to other lenders, banks, financial institutions, loan officers etc." (*Id.*)

BOA now moves to dismiss Kindle's Complaint, based on his failure to state a claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Mot 3.) Alternatively, BOA moves to strike from the Complaint Kindle's request for injunctive relief, asserting that no such relief is available to private plaintiffs under the FCRA. (*Id.* at 7–8.) The Motion is fully briefed. (Pl.'s Req. Move Forward MADR & Strike Mot. ("Opp'n")[2], ECF No. 13; Def.'s Reply, ECF No. 15.) The Court finds that Kindle fails to state a claim under the FCRA and accordingly **GRANTS** BOA's Motion to Dismiss.

### III. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*,

---

[2] On the date the Opposition to BOA's Motion was due, Kindle filed a document styled as a request to "move forward" with alternative dispute resolution and strike BOA's Motion to Dismiss. (*See* Opp'n.) The document contains substantive legal rebuttals to BOA's Motion, and the Court therefore interprets this document to be Kindle's Opposition to BOA's Motion. To the extent Kindle's Opposition constitutes a Motion to Strike of its own, the Motion is wholly without merit and is therefore **DENIED**.

319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

## IV. DISCUSSION

Kindle alleges that BOA violated the FRCA pursuant to 15 U.S.C. § 1681m, but he fails to state a claim because no private right of action is available under that statute. "Congress enacted the FCRA in 1970 in response to concerns about corporations' increasingly sophisticated use of consumers' personal information in making credit and other decisions." *Syed v. M-I, LLC*, 853 F.3d 492, 496 (9th Cir. 2017) (citing Fair Credit Reporting Act of 1970, 84 Stat. 1114, 1128). Accordingly, Congress mandated reasonable procedures in procuring and using a consumer report or "any information by a consumer reporting agency bearing on a consumer's credit worthiness." *Id.* (quoting 15 U.S.C. § 1681a(d)). Kindle brings this action pursuant to § 1681m(f) of the FRCA, which generally prohibits the sale, transfer for consideration, or placing for collection of any debt that has resulted from identity theft. 15 U.S.C. § 1681m(f).

However, in 2003, "Congress amended the FCRA by adding 15 U.S.C. § 1681m(h)(8), which eliminated private enforcement of § 1681m." *Marchioli v. Pre-employ.com, Inc.*, No. CV 17-1566 JGB (DTBx), 2017 WL 8186761, at *14 (C.D. Cal. June 30, 2017). Accordingly, violations of § 1681m "shall be enforced exclusively . . . by the Federal agencies and officials identified in this section." *Putkowski v. Irwin Home Equity Corp.*, 423 F. Supp. 2d 1053, 1061 (N.D. Cal. 2006) (quoting 15 U.S.C. § 1681m(h)(8)); *see White v. E-Loan, Inc.*, 409 F. Supp. 2d 1183, 1187 (N.D. Cal. 2006) (holding that "the language of the statute is clear" in eliminating private enforcement of

the rights created by § 1681m). Accordingly, "[w]ithout a private right of action to enforce user requirements under Section 1681m, this claim necessarily fails." *Marchioli*, 2017 WL 8186761, at *14. The Court therefore **GRANTS** BOA's Motion to Dismiss Kindle's Complaint **with leave to amend** the identified deficiency. BOA moved in the alternative to strike Kindle's request for injunctive relief, (Mot. 7–8), which the Court need not and does not address as Kindle's Complaint is now dismissed.

## V. CONCLUSION

The Court **GRANTS** BOA's Motion to Dismiss, (ECF No. 10), and **DENIES AS MOOT** Kindle's Motion to Strike, (ECF No. 13). The Court **DISMISSES** Kindle's Complaint **with leave to amend** to correct the identified deficiencies. If Kindle chooses to file an Amended Complaint, he must file it within **twenty-one (21) days** of the date of this Order, in which case BOA shall answer or otherwise respond no later than **fourteen (14) days** from the date the Amended Complaint is filed.

Moreover, the Court acknowledges that Kindle appears in this action pro se. The Court advises that the Federal Pro Se Clinic offers free information and guidance to individuals who are representing themselves in federal civil actions. The Los Angeles Clinic operates by appointment only, which may be made by calling (213) 385-2977, ext. 270 or at the following website: http://prose.cacd.uscourts.gov/los-angeles. Clinic staff can efficiently respond to many questions with a telephonic appointment or through an email request. In-person appointments may be available at the Roybal Federal Building and Courthouse, 255 East Temple Street, Suite 170, Los Angeles, California 90012. The Court encourages Kindle to visit the Clinic or otherwise consult with an attorney prior to submitting any additional filings.

**IT IS SO ORDERED.**

March 23, 2022

                                                 **OTIS D. WRIGHT, II**
                                      **UNITED STATES DISTRICT JUDGE**